UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO.: 12-61518-CIV-ZLOCH

SYMPHONY MARINE, LLC,

    Plaintiff,

v.

MENDOL USA, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT IN ADMIRALTY

COMES NOW the Plaintiff, SYMPHONY MARINE, LLC., by and through its undersigned Attorneys, and files this, its Amended Complaint against MENDOL U.S.A., INC., and alleges as follows:

### PARTIES, JURUSDICTION AND VENUE

1. Count I is a declaratory judgment action within this Court's admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31341-43.  Count II is within the jurisdiction of this Court as it involves a maritime contract.

2. Plaintiff, SYMPHONY MARINE, LLC., is a Florida Limited Liability Company, whose principal address is 1515 South Federal Highway, Suite #300, Boca Raton, FL 33434.

3. At the time of filing this action, SYMPHONY MARINE, LLC. ("SYMPHONY"), was the owner of the M/Y SYMPHONY II, a 2001 112' Westport Motor Yacht, HIN WPS07645E901, and Marshall Islands Identification Number 70667.

4. Defendant MENDOL U.S.A., INC. ("MENDOL") is a Florida Corporation whose principal

...

address is 3010 Ravenswood Road, Number 2, Dania Beach, FL 33312.

5. Venue is proper in this district as the Defendant resides here.

## COUNT I – DECLARATORY JUDGMENT ACTION

6. Plaintiff realleges and reavers the allegations set forth in paragraphs 1-5 as if fully stated herein.

7. This is a claim pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31341-43.

8. Defendant, MENDOL claims it is owed the sum of $52,371.97 for necessaries provided to the M/Y SYMPHONY II. A copy of the demand letter from Counsel for MENDOL, along with the invoices reflecting the claimed amounts, are attached hereto as **EXHIBIT "A."**

9. SYMPHONY contends that the amounts claimed by MENDOL are not valid, are excessive, are for warranty repairs, and were otherwise caused to be incurred by MENDOL's lack of performing said work in a workmanlike manner. For example, MENDOL failed to install the appropriate o-rings on the engine, and also left rags in the oil pan. Plaintiff further contends that the aforementioned sums do not constitute a maritime lien against the M/Y SYMPHONY II.

10. There is a present, actual, bona fide and justiciable controversy which exists between SYMPHONY and MENDOL regarding the claim for a maritime lien against the M/Y SYMPHONY II, and SYMPHONY has suffered and continues to suffer prejudice and uncertainty as a result of the claimed lien, which serves as a cloud on the title of the Vessel. The existence of said claim also creates a risk that the Vessel will be arrested at any time. Therefore, SYMPHONY seeks a determination by this Court of the validity of MENDOL's alleged maritime lien.

11. Contemporaneous with the filing of the original Complaint, pursuant to Local Admiralty

Rule E(8), Local Admiralty Rule E(7) and Supplemental Admiralty Rule E(3), Plaintiff also filed with the Clerk of the Court a bond in the amount of $52,371.97, plus 6% per annum from the date of the instant lawsuit to a date twenty-four months after the date of the instant filing, as an undertaking in lieu of arrest of the Vessel, and said funds are conditioned to abide by all orders of the Court and to pay the amount of any final judgment entered by this Court or any appellate Court, with interest.  The total amount of said deposit was **$58,656.61**.

## COUNT II – BREACH OF MARITIME CONTRACT

12. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1 – 5 above as if fully set forth herein.

13. In July, 2011, MENDOL was hired by SYMPHONY to perform a "top end overhaul" of the MTU 2000 V-16 propulsion engines on board the M/Y SYMPHONY II.

14. MENDOL had an implied contractual duty to perform its "top end overhaul" in a workmanlike manner, with reasonable care, skill and diligence.

15. During the July "top end overhaul," MENDOL removed and then re-installed O-rings on the engine exhaust manifold which should have instead been replaced, as per MTU published recommendations for engines with the number of hours on the engines.

16. On or about August 10, 2011, the Captain noticed a clunking noise coming from the starboard engine at startup.  The engine was thereafter secured, and a series of tests and inspections were performed to determine the cause of the problems with the engine.

17. Upon inspection and testing, it has been determined that the engine was damaged by a hydrostatic lock condition.

18. The hydrostatic lock damage was caused to the starboard engine as a result of coolant leakage past the old and damaged O-rings that MENDOL re-used during the top-end repairs

conducted on the engine during July of 2011.

19. MENDOL breached its implied contractual duty to perform its work in a workmanlike manner where it re-used O-rings which should have been replaced, and which ultimately failed and allowed coolant to enter the cylinders causing hydrostatic lock.

20. As a result of MENDOL's breach, SYMPHONY has incurred damages in the amount of $368,960.56, exclusive of costs, interest, and attorney's fees, which can be summarized as follows:

| Vendor | Description | Amount |
| --- | --- | ---: |
| Diesel Marine Solutions | Starboard Engine Disassemble | 6,881.52 |
| Diesel Marine Solutions | Starboard Engine Total Rebuild | 114,776.82 |
| Diesel Marine Solutions | Borescoping and Diagnosis | 10,391.65 |
| Frederic Friedman | Diver-Remove Prop | 750.00 |
| William Hoffman | Truck Intrepid, Jet Skis & Prop | 4,100.00 |
| Southwest Airlines | Ticket for Mendol Technician | 384.70 |
| St. Josephs Boatworks | Load tender/jetskis & Prop | 1,151.43 |
| St. Josephs Boatworks | Storage | 244.41 |
| James Moses | Delivery Crew due to One Engine | 2,000.00 |
| Gill Pinkham | Delivery Crew due to One Engine | 2,000.00 |
| Nicholas Zebrowski | Delivery Crew - Mendol | 2,500.00 |
| Steel Marine Towing | Tow vessel from Pt. Everglades | 1,250.00 |
| Lauderdale Marine Center | September | 16,479.10 |
| Lauderdale Marine Center | October | 16,889.95 |
| Lauderdale Marine Center | November | 16,234.63 |
| Lauderdale Marine Center | December | 12,445.72 |
| Lauderdale Marine Center | January | 15,873.83 |
| Steel Marine Towing | Tow back to slip | 350.00 |
| | Lost Revenue-Thanksgiving Charter | 39,600.00 |
| | Out of pocket cost-Thanksgiving Charter | 9,900.00 |
| | Lost Revenue from Christmas Charter | 45,256.80 |
| | Lost Revenue from New Year's Charter | 39,600.00 |
| | Out of pocket cost-NY's Charter | 9,900.00 |
| | | 368,960.56 |

21. Plaintiff is entitled to its attorney's fees pursuant to Florida Statute § 57.105.

WHEREFORE, Plaintiff SYMPHONY demands as follows:

1. That this Court determine that MENDOL has no valid and subsisting maritime lien.

2. That the funds deposited in the registry of the Court be permitted as a substitute for the *res*.

3. That the Court not enter any process for arrest of the Vessel, and instead, hold any such process in abeyance.

4. That the Court enter judgment on behalf of SYMPHONY and against MENDOL, declaring that there is no maritime lien, and direct the clerk of the Court to return the funds held in the registry of the Court ($58,656.61) to SYMPHONY, together with interest, and that SYMPHONY be awarded damages in the amount of $368,960.56, plus costs, interest and its reasonable attorney's fees.

Respectfully Submitted,

December 18, 2012

By**:**   */s Robert D. McIntosh*   
Robert D. McIntosh (FBN: 115490)  
Email: rdm@mcintoshschwartz.com  
Adam B. Cooke (0634182)  
Email: acooke@mcintoshschwartz.cm  
McINTOSH SCHWARTZ, P.L.  
888 S.E. 3rd Avenue, Suite 500  
Fort Lauderdale, Florida 33316-1159  
Phone: (954) 660-9888  
Fax: (954) 760-9531  
*Counsel for Plaintiff Symphony Marine, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Robert D. McIntosh*
Robert D. McIntosh (FBN: 115490)

**SERVICE LIST**

Robert D. McIntosh (FBN: 115490)
rdm@mcintoshschwartz.com
Adam B. Cooke (FBN: 0634182)
acooke@mcintoshschwartz.com
**McINTOSH SCHWARTZ P.L.**
888 S.E. 3rd Avenue, Suite 500
Fort Lauderdale, Florida 33316-1159
Phone: (954) 660-9888
Fax: (954) 760-9531

*Attorneys for Plaintiff Symphony Marine, LLC*

_____

David E. Irwin, Esq.
IRWIN BRIGMAN, PL
750 S.E. 3$_{rd}$ Avenue, Suite 301
Fort Lauderdale, FL 33316
Office: (954) 775-2301
Facsimile: (954) 775-2303
e-mail: david@irwinlegal.com

*Counsel for Defendant Mendol USA, Inc.*